TUCKER, P.
These four cases are without difficulty. By the deed from Charlton to his children, the property passed to them, and nothing to his wife. She occupied the position of grantor in the deed though, as she had nothing, she could grant nothing; nor could any thing be reserved to her, since reservation implies subsisting right, which she had not. In every view of the case, the title was exclusively in the children. Consider the children trustees for her, and the legal title would be in them. Consider the deed to be on condition, yet their right is unimpaired till entry for condition broken. Consider it as intending a grant to the wife (which, however, words of reservation cannot create) still it is void, *for a husband cannot, by common law conveyance, grant or convey even an estate in remainder to his wife. 1 Roper on Husband and Wife S3. The deed then conveys the title to the children, with a condition or reservation that is inoperative and void. Their *631 right therefore is indefeasible. The actions in which she is joined were of course properly dismissed, and those brought by the children alone are well brought.
Then, as to the merits. We must not forget that we are in a court of law, and trying a case upon a special verdict; and the question is, whether the deed under which the plaintiffs claim is fraudulent or not ? The question of fraud is sometimes matter of law for the court, and sometimes matter of fact for the jury. It is matter of law, wherever the facts found per se constitute fraud. For instance, in England it is decided that a voluntary settlement of lands is void as to a subsequent purchaser for valuable consideration. Whether fraud was intended or not, the fact constitutes, by the statute, fraud in itself, and the court pronounces its judgment upon the naked fact. So, if the fact that the party was indebted, and being so indebted conveyed away his property, is as to the subsisting creditor a fraud, whether fraud was intended or not; in a contest between the subsisting creditor and the grantee, the question of fraud would be matter of law, not matter of fact. So in cases like Edwards v. Harben, 2 T. R. 587. And the like principles prevail as to bankruptcy and usury. But where the question of fraud is matter of fact, there the jury must find it expressly, for the court cannot infer it ; not only because it never can infer facts on a special verdict (Bac. Abr. Verdict. D.) but also because covin and fraud are odious, and never to be intended or presumed. Thus, where the question was whether a deed was void under the statute of 13 Eliz. avoiding gifts contrived to defraud creditors and others, the jury found the facts, and submitted the question of fraud to the *court. But it was “unanimously resolved, that forasmuch as no fraud is found by the jury, the court could not adjudge the feoffment to be fraudulent; and although the jury have found circumstances and presumptions to incite the jury to find fraud, yet it is but evidence to the jury, and not any matter upon which the court could adjudge fraud. And the office of jurors is to adjudge, upon their evidence, concerning matter of fact, and thereupon to give their verdict, and not to leave matter of evidence to the court to adjudge, which does not belong to them.” Bittleton’s case, cited and approved in the case of The Chancellor &c. of Oxford, 10 Co. 53 b, 56 a. See also Crisp v. Pratt, Cro. Car. 550
Now in the case at bar, it is not found that the deed was made with intent to defraud, although the facts found might well have raised a suspicion of fraud in the minds of the jury, or of a court of equity, if the case were before that tribunal. The jury might have inferred fraud, and so found it, — subject indeed to the grant of a new trial, if their verdict was not sustained by the evidence ; but the court of law cannot infer the wicked intent, which is a matter of fact on which the party has a right to a trial by the country, for a charge of fraud has been well likened to a criminal prosecution. To this, indeed, the conceded action of a court of equity is an exception.
Fraud in fact, then, not being found, are there facts found which, in law, or per se, constitute fraud ? I think not. — First, as to Charlton’s retaining possession. That possession was consistent with the deed, and therefore not fraudulent per se. Cadogan v. Kennett, Cowp. 432, — a case much weaker than this, since the deed there was not put upon record, there being no recording act in England like ours ; whereas, in this case, the record gave notice to all the world of the limited interest of Charlton in the property. — Next as to the sweeping character of the deed. Non constat that the grantor 293 *had not other ample estates. Besides, if he was not indebted, the conveyance of all he had was no fraud upon any creditor, since the record gave notice to all subsequent creditors ; and at most this could only be evidence of fraud, upon which the jury might have founded their verdict. — Thirdly, as to the precedent debts. Admit that in a contest between the grantees and the preceding creditors, the existence of the debts when the deed was made would have rendered it per se fraudulent; yet where subsequent creditors invoke that fact, it can only serve them as evidence from which to infer the fraudulent intent, and so is matter for the jury, and not the court.
I will, in conclusion, refer to the case of Dewey v. Bayntun, 6 East 257, for an example of the great caution of the courts even in permitting juries to infer . fraud, notwithstanding the occurrence of circumstances most strong and persuasive.
On the whole, I am of opinion to reverse the judgments in the two actions in which the infants sue without the mother, and to enter judgments for the plaintiffs. The-two other judgments must be affirmed.
In each of the cases wherein the widow was plaintiff, judgment affirmed: in the other cases, judgments reversed.